The V. L. SMITHERS MANUFACTUR-
ING COMPANY, Plaintiff-Appellant,

v.

William P. O'BRIEN and William J.
O'Malley, d.b.a. Illinois Wholesale
Florist, Defendants-Appellees.

No. 14700.

United States Court of Appeals
Seventh Circuit.

Dec. 23, 1964.

Rehearing Denied Feb. 16, 1965.

H. F. McNenny, Cleveland, Ohio, William C. Nicol, Peoria, Ill., R. H. Dickinson, Jr., McNenny, Farrington, Pearne & Gordon, Cleveland, Ohio, Sours, Newell & Nicol, Peoria, Ill., of counsel, for appellant.

John Rex Allen, James R. Sweeney, Chicago, Ill., Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., Jackson P. Newlin, Leiter, Newlin, Fraser, Parkhurst & McCord, Peoria, Ill., of counsel, for appellees.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Plaintiff is the owner by assignment of United States Letters Patent No. 2,753,-277, issued July 3, 1956, to Vernon L. Smithers, entitled "Absorbent Material" for Floral Arrangements." Plaintiff is engaged in the manufacture and sale of the patent product, namely, a hydrophilic floral foam, which it markets under the trade name "Oasis."

Defendants, wholesale florists who sell a product manufactured by American Metaseal of Massachusetts, Inc., which is marketed under the trade names "Aquafoam" and "Quickee," are charged with infringement.

The District Court (Honorable Frederick O. Mercer presiding) on March 18, 1964, entered judgment from which this appeal comes, dismissing the action on the ground on non-infringement.

Plaintiff's principal grounds for reversal are that the District Court erred in its interpretation of the claims of the patent in suit and in its application of the law of equivalence and "file wrapper estoppel."

The judgment followed an opinion rendered by Judge Mercer which embodies his findings of fact and conclusions of law. The V. L. Smithers Mfg. Co. v. O'Brien et al., D.C., 227 F.Supp. 472. In his opinion he discusses in detail the evidentiary facts developed at the hearing which form the basis for his findings and conclusions of law. We are convinced after a careful examination of his opinion that his findings are adequately supported and that his conclusions of law are correct. We thus are in agreement both with the reasoning employed and the result reached. Such being the situation, we think no useful purpose could be served in retreading the ground which he has so well covered. Therefore, we adopt his opinion as that of this Court.

The judgment is

Affirmed.